

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY J. COOK, | ) | |
| | ) | |
| Petitioner, | ) | No. C 05-4321 CRB (PR) |
| | ) | |
| vs. | ) | ORDER OF DISMISSAL |
| | ) | |
| RICHARD KIRKLAND, Warden, et al., | ) | (Doc # 2) |
| | ) | |
| Respondent(s). | ) | |
| | ) | |

      Petitioner, a state prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se petition for a writ of habeas corpus challenging his indefinite placement in administrative segregation on the basis of being a prison gang affiliate.

      The petition for a writ of habeas corpus is DISMISSED without prejudice to filing a civil rights complaint under 42 U.S.C. § 1983. Although the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought under habeas, see Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979), the Ninth Circuit has held that habeas jurisdiction is absent, and a § 1983 action proper, where, as here, a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been

1 | that challenges to conditions of confinement be brought in a civil rights complaint.
2 | See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper
3 | method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d
4 | 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis
5 | that challenges to terms and conditions of confinement must be brought in civil
6 | rights complaint).
7 |     The clerk shall enter judgment in accordance with this order, terminate all
8 | pending motions (see, e.g., doc # 2) as moot, and close the file. No fee is due.
9 | SO ORDERED.
10 | DATED: November 02, 2005
11 | CHARLES R. BREYER
United States District Judge